[No. F032526. Fifth Dist. Apr. 11, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
CHEK NGOUN, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, only the Introduction, part V.A.1. and the Disposition are certified for publication.

**COUNSEL**

Jim Fahey, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael Weinberger and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DIBIASO, J.—**

## INTRODUCTION

Appellant Chek Ngoun was convicted of the second degree murder of Kevin Martinez (count I), assault with a firearm on two unnamed victims (counts IV and V), being a felon in possession of a firearm (count VI), and participating in a criminal street gang (count VII). Allegations that appellant committed the offenses described in counts I, IV, and V to advance the interests of a criminal street gang were found to be true. In the published

portion of this opinion we hold that Penal Code section 186.22 applies to the perpetrator, as well as to aiders and abettors, of criminal gang felonies.[1]

STATEMENT OF THE CASE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V. *Section 186.22*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

A. *Count VII*

1. *Evidence*

Section 186.22, subdivision (a) reads as follows: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully *promotes, furthers, or assists* in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." (Italics added.)

■ Appellant maintains there is insufficient evidence to support the conviction on count VII because there was no proof appellant *aided or abetted* a felonious act actually committed by another gang member. Appellant points to the pertinent standard jury instruction, CALJIC No. 6.50, which uses the phrase "aided and abetted" to describe the type of acts that will subject the defendant to liability based upon "felonious criminal conduct

---

[1]All further references are to the Penal Code unless otherwise noted.

*See footnote, *ante*, page 432.

by members of [the] gang."[20] It is undisputed that, if the evidence proved any criminal conduct by appellant, it was only as the *perpetrator* of the murder of Kevin Martinez and the assaults on the other unnamed victims.

Penal Code section 186.22 is a part of the California Street Terrorism Enforcement and Prevention Act of 1988, also known as the STEP Act. (Stats. 1988, ch. 1242, § 1, pp. 4127-4130; Stats. 1988, ch. 1256, § 1, pp. 4179-4182; *People v. Castenada* (2000) 23 Cal.4th 743, 745 [97 Cal.Rptr.2d 906, 3 P.3d 278].) The statute was a legislative response to the increasing violence of street gang members throughout the state. Subdivision (a) created a substantive offense for active participation in a criminal street gang; before its enactment, no law authorized the punishment of a gang member for gang membership irrespective of the punishment imposed upon the principal for the gang crime itself.[21] (*In re Alberto R.* (1991) 235 Cal.App.3d 1309, 1318 [1 Cal.Rptr.2d 348].) As one court recently explained, "[s]ection

---

[20]CALJIC No. 6.50 (6th ed. 1996) reads:

"[Defendant is accused [in Count[s] _____] of having violated section 186.22, subdivision (a) of the Penal Code, a crime.]

"Every person who actively participates in any criminal street gang with knowledge that the members engaged in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, assists in any felonious criminal conduct by members of that gang, is guilty of a violation of Penal Code section 186.22, subdivision (a), a crime.

" 'Pattern of criminal gang activity' means the [commission,] [attempted commission,] [or] [solicitation] of two or more of the following crimes, namely, _____ _____, provided at least one of those crimes occurred after September 23, 1988 and the last of those crimes occurred within three years after a prior offense, and the crimes are committed on separate occasions, or by two or more persons.

" 'Criminal street gang' means any ongoing organization, association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of _____, which has a common name or common identifying sign or symbol, whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity.

"Felonious criminal conduct includes _____.

"In order to prove this crime, each of the following elements must be proved:

"1.   A person actively participated in a criminal street gang,

"2.   The members of that gang engaged in or have engaged in a pattern of criminal gang activity,

"3.   That person knew that the gang members engaged in or have engaged in a pattern of criminal gang activity; and

"4.   That person *aided and abetted* [a] member[s] of that gang in committing the crime[s] of _____." (Italics added.)

This instruction was appropriately adapted to the facts of this case by the trial court.

[21]Subdivision (b) of section 186.22 increases the punishment for gang-related crimes. (§ 186.22, subd. (b).) Section 186.22, subdivision (a), encompasses a more complex intent and objective than subdivision (b). (See *People v. Robles* (2000) 23 Cal.4th 1106, 1115 [99 Cal.Rptr.2d 120, 5 P.3d 176].)

186.22, subdivision (a) punishes active gang participation where the defendant promotes or assists in felonious conduct by the gang. It is a substantive offense whose gravamen is the participation in the gang itself. Hence, under section 186.22, subdivision (a) the defendant must necessarily have the intent and objective to actively participate in a criminal street gang. However, he does not need to have the intent to personally commit the particular felony (e.g., murder, robbery or assault) because the focus of the street terrorism statute is upon the defendant's objective to promote, further or assist the gang in its felonious conduct, *irrespective of who actually commits the offense.* For example, this subdivision would allow convictions against both the person who pulls the trigger in a drive-by murder and the gang member who later conceals the weapon, even though the latter member never had the specific intent to kill. Hence, section 186.22, subdivision (a) requires a separate intent and objective from the underlying felony committed on behalf of the gang." (*People v. Herrera* (1999) 70 Cal.App.4th 1456, 1467-1468 [83 Cal.Rptr.2d 307], italics added; original italics and fns. omitted.)

Given the objective and intent of subdivision (a), we find good reasons not to construe section 186.22, subdivision (a), in the restricted manner advocated by appellant and instead to conclude that this subdivision applies to the perpetrator of felonious gang-related criminal conduct as well as to the aider and abettor. Courts should give statutory words their plain or literal meaning unless that meaning is inconsistent with the legislative intent apparent in the statute. (*People v. Allen* (1999) 21 Cal.4th 846, 859 [89 Cal.Rptr.2d 279, 984 P.2d 486]; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Under the language of subdivision (a), liability attaches to a gang member who "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (§ 186.22, subd. (a).) In common usage, "promote" means to contribute to the progress or growth of; "further" means to help the progress of; and "assist" means to give aid or support. (Webster's New College Dict. (1995) pp. 885, 454, 68.) The literal meanings of these critical words squares with the expressed purposes of the lawmakers. An active gang member who directly perpetrates a gang-related offense "contributes" to the accomplishment of the offense no less than does an active gang member who aids and abets or who is otherwise connected to such conduct. Faced with the words the legislators chose, we cannot rationally ascribe to them the intention to deter criminal gang activity by the palpably irrational means of excluding the more culpable and including the less culpable participant in such activity

Indirect support for our view is found in the case law. Several reported opinions have involved a defendant convicted both as a perpetrator of a

substantive felony and as a gang member under section 186.22, subdivision (a) based upon the same felony. In *People v. Herrera, supra,* 70 Cal.App.4th 1456, the defendant was convicted of murder as the perpetrator and also of a violation of section 186.22, subdivision (a) based upon the murder. Similar dual convictions were involved in *People v. Castenada, supra,* 23 Cal.4th 743, *People v. Funes* (1994) 23 Cal.App.4th 1506, 1516 [28 Cal.Rptr.2d 758], and *People v. Smith* (1993) 21 Cal.App.4th 342 [25 Cal.Rptr.2d 850]. Although we recognize that the contention advanced by appellant here was not raised in any of these cases, all of these convictions were affirmed without mention of the issue.

Substantial evidence supports appellant's count VII conviction for a violation of section 186.22, subdivision (a). Appellant was an active gang member who went with other Modesto Hit Squad members to a party where he knew other rival gang members would be. He went armed in anticipation of a confrontation and asked a fellow gang member to "watch his back." During the party there was a conflict between members of the two gangs. Appellant was "disrespected" by members of Oak Street Posse. He fired into a crowd of people which included members of the rival gang, including those with whom he had had an adversarial encounter earlier in the evening. The evidence supports a reasonable inference that the murder of Kevin Martinez and the assaults committed on the unidentified victims were intended by appellant to promote, further and assist the gang in its primary activities—the commission of criminal acts and the maintenance of gang respect.

The real difficulty here lies in the standard CALJIC jury instruction. The instruction is probably founded upon *People v. Castenada, supra,* 23 Cal.4th 743, 750, where the court "concluded . . . [that]: a person liable under section 186.22(a) *must aid and abet* a separate felony offense committed by gang members. In that way, as the bill's proponents stressed, section 186.22(a) 'goes beyond the active membership test in *Scales,*' which allowed the criminal conviction of anyone holding active membership in a subversive organization, without requiring that the member aid and abet any particular criminal offense committed by other members." (Italics added.)

As we read *Castenada,* it does not stand for the proposition that only an aider and abettor is subject to liability under section 186.22, subdivision (a) and, for the reasons we have expressed, it would be a misconstruction of the statutory language and a perversion of the legislative intent to read the subdivision in such a narrow manner. We would suggest that the CALJIC committee review, with the aim of revising, this instruction.

2. *Prejudice\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

B., C.\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI. *CALJIC No. 2.12\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Ardaiz, P. J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 25, 2001. Brown, J., did not participate therein.

---

\*See footnote, *ante*, page 432.