KENNARD, J., Dissenting.
Is the crime of criminal street gang participation (Pen. Code, § 186.22, subd. (a))[1] committed when a lone gang member’s felonious conduct benefits the gang as a whole? In my view, it is. The lead opinion reaches the opposite conclusion.
I
On the evening of May 10, 2007, in the northern California town of Marysville, defendant, who was an active Norteño gang member, approached Stanley Olsen. Using a racial epithet, defendant demanded Olsen’s money *1142 and threatened to kill him. Defendant then punched Olsen in the jaw and continued to beat him after Olsen fell to the ground. Olsen eventually escaped. When police officers arrested defendant that same night at a nearby apartment, they saw that the words “northern” and “warrior” were tattooed on his arms, and that he was wearing shoes with red laces.
At defendant’s trial, two criminal street gang experts testified for the prosecution: Sergeant Allan Garza of the Yuba County Sheriff’s Department testified that robbery was a primary activity of the Norteño gang in Yuba County; Sergeant Christian Sachs of the Marysville Police Department confirmed that robbery was a primary activity of the gang, and he discussed the gang’s presence in Marysville. These experts identified defendant’s tattoos and red shoelaces as symbols of Norteño gang membership, and they expressed the view that defendant’s attempt to rob Olsen was for the benefit of the gang. They explained that the crime benefitted the gang by intimidating the community, making it easier for gang members to commit crimes in the community, and making it less likely that witnesses of gang crimes would testify against gang members.
A jury convicted defendant of attempted robbery (§§211, 664) and, as relevant here, criminal street gang participation (§ 186.22, subd. (a)). In a two-to-one decision, the Court of Appeal reversed the gang participation conviction, concluding that the statute could not be violated by an individual acting alone. We granted the Attorney General’s petition for review.
II
Section 186.22’s subdivision (a), which defines the offense of gang participation, is a part of the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.) (STEP Act). In enacting the STEP Act, the Legislature made this finding: “[T]he State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to public order and safety and are not constitutionally protected.” (§ 186.21.) The Legislature then expressed its intent “to seek the eradication of criminal activity by street gangs by focusing on patterns of criminal gang activity . . . .” (Ibid.) That purpose is furthered by applying the criminal street gang participation statute here: Defendant attempted a crime that fit the Norteño street gang’s pattern of criminal activity (robbery while displaying symbols of gang membership), thereby advancing the gang’s goal of terrorizing the residents of Marysville.
*1143 Section 186.22’s subdivision (a) imposes punishment on “[a]ny person who [1] actively participates in any criminal street gang [2] with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and [3] who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang.” (§ 186.22, subd. (a).) The statute’s third requirement is at issue here. As explained below, it can be satisfied in at least three ways.
First, an offender “willfully promotes, furthers, or assists” the “felonious criminal conduct” of gang “members” if the offender, aided and abetted by other gang members, commits any felony, whether or not the felony is committed for the gang’s benefit. (See People v. Albillar (2010) 51 Cal.4th 47, 55-56 [119 Cal.Rptr.3d 415, 244 P.3d 1062].)
Second, an offender “willfully promotes, furthers, or assists” the “felonious criminal conduct” of gang “members” if the offender aids and abets another gang member in committing any felony. (People v. Castenada (2000) 23 Cal.4th 743, 749-752 [97 Cal.Rptr.2d 906, 3 P.3d 278] (Castenada).)
Third, the offender “willfully promotes, furthers, or assists” the “felonious criminal conduct” of gang “members” if the offender, acting alone, willfully commits a felony that, by its nature and circumstances, advances the gang’s overall felonious purpose. (See People v. Sanchez (2009) 179 Cal.App.4th 1297, 1308 [101 Cal.Rptr.3d 639] (Sanchez); People v. Salcido (2007) 149 Cal.App.4th 356, 368 [56 Cal.Rptr.3d 912] (Salcido); People v. Ngoun (2001) 88 Cal.App.4th 432, 436 [105 Cal.Rptr.2d 837] (Ngoun).) The cited Court of Appeal decisions all conclude that a lone gang member who perpetrates a gang-related felony violates the gang participation statute if the felony in question promotes the gang’s general purpose. As the court in Ngoun said in upholding a gang participation conviction, “[t]he evidence supports a reasonable inference that the [felonies appellant committed] were intended by appellant to promote, further and assist the gang in its primary activities—the commission of criminal acts and the maintenance of gang respect.” (Ngoun, at p. 437, italics added.)
If the Legislature had intended to restrict the crime of criminal street gang participation to the first two groups of offenders discussed above—those who act together with other gang members—it could simply have said, “promotes, furthers, or assists in any felony by members of that gang,” instead of the statute’s current language of “promotes, furthers, or assists in any felonious *1144 criminal conduct by members of that gang.” (§ 186.22, subd. (a), italics added.) Unlike the word “felony,” the broader phrase “felonious criminal conduct” need not refer to a specific felony; rather, it might refer more generally to the gang’s overall felonious enterprise, which can be promoted or furthered by a lone gang member’s felony. That point is overlooked by the lead opinion.
In concluding that the gang participation statute cannot be violated by a gang member acting alone, the lead opinion focuses on the word “members” in that statute. The pertinent statutory phrase requires that the offender “willfully promote[], further[], or assist[] in any felonious criminal conduct by members of th[e] gang.” (§ 186.22, subd. (a), italics added.) According to the lead opinion, a gang member (singular) cannot “promote[], further[], or assist[]” the felonious conduct of gang members (plural) unless the gang member joins with at least one other gang member in committing a felony. (Lead opn., ante, at p. 1132.)
Relying on section 7—which states that the use of the plural in the Penal Code includes the singular—the Attorney General argues that the plural word “members” includes the singular word “member,” and that a gang member can therefore violate the gang participation statute by “promoting] [or] furthering]” the member’s own (solitary) felonious conduct. In rejecting that argument, the lead opinion points out that the felonious conduct need not be conduct that benefits the gang. As the lead opinion notes, one can violate the gang participation statute by aiding and abetting another gang member in, for instance, an act of spousal abuse, or by committing some other felony unrelated to the gang’s primary activities. (See People v. Albillar, supra, 51 Cal.4th at pp. 55-56.) The lead opinion reasons that if promoting or furthering one’s own felonious conduct satisfies the requirement of the gang participation statute, then one can be found guilty of gang participation merely for being a gang member and committing some felony, regardless of whether the felony benefitted the gang in any way. That, in the lead opinion’s view, would potentially violate the federal Constitution because it would result in an additional serious felony conviction for the mere act of being a gang member while committing a non-gang-related felony. (See Scales v. United States (1961) 367 U.S. 203, 228 [6 L.Ed.2d 782, 81 S.Ct. 1469] (Scales).) The lead opinion asserts that the Legislature imposed the requirement of two or more gang members acting together because it sought to avoid the potential federal constitutional problem associated with applying the statute at issue here to someone acting alone. (Lead opn., ante, at pp. 1133-1135.)
Although the lead opinion is correct that section 186.22’s subdivision (a) does not require that the felony committed by the defendant be for the gang’s *1145 benefit (lead opn., ante, at pp. 1134-1135), surely that statute is violated by a felony that is for the gang’s benefit. And, as I noted earlier (see pp. 1143-1144, ante), a person can violate the gang participation statute while acting alone if the person willfully commits a felony that, by its nature and circumstances, advances the gang’s overall felonious purpose. (See Sanchez, supra, 179 Cal.App.4th at p. 1308; Salcido, supra, 149 Cal.App.4th at p. 368; Ngoun, supra, 88 Cal.App.4th at p. 436.) If, for example, a gang’s primary purpose is to terrorize and control a specific neighborhood by committing robberies in that neighborhood, then a lone gang member who, displaying symbols of gang membership, commits a robbery in the relevant neighborhood meets, in my view, the requirement of section 186.22’s subdivision (a) of “promot[ing], further[ing], or assisting] in . . . felonious criminal conduct by members of th[e] gang.”
Moreover, convicting a person of criminal street gang participation under those circumstances would not violate the federal constitutional constraints that the United States Supreme Court set forth in Scales, supra, 367 U.S. 203. That case concerned the constitutionality of the Smith Act, which criminalized membership in an organization advocating the forceful or violent overthrow of the federal government. (Scales, supra, at p. 205.) In upholding the constitutionality of the Smith Act, the high court interpreted that act “to reach only [1] ‘active’ members having also a [2] guilty knowledge and [3] intent . . . .” (Scales, at p. 228, italics added.) Those three requirements, the high court said, “preventf] a conviction on what otherwise might be regarded as merely an expression of sympathy with the alleged criminal enterprise, unaccompanied by any significant action in its support or any commitment to undertake such action.” (Ibid.)
In crafting California’s criminal street gang participation offense (§ 186.22, subd. (a)), the Legislature satisfied the high court’s test in Scales, supra, 367 U.S. 203, by requiring that the offender (1) “actively participate[]” in the gang, (2) have “knowledge” of the criminal activity of the gang’s members, and (3) “willfully promote[], further[], or assist[] in any felonious criminal conduct by members of that gang.” (§ 186.22, subd. (a).) When a lone gang member willfully commits a felony that, by its nature and circumstances, advances the gang’s overall felonious purpose, the third requirement is satisfied. Moreover, construing section 186.22’s subdivision (a) to apply in that circumstance would not violate the federal Constitution because it would not impose criminal liability for the mere act of being a gang member; rather, it would impose criminal liability for being a gang member and actively advancing the gang’s overall felonious purpose. Nothing in the high court’s opinion in Scales precludes such a result. Therefore, the lead opinion errs when it suggests that a requirement of more than one gang member acting together is constitutionally necessary to ensure a “nexus between defendant’s conduct and gang activity.” (Lead opn., ante, at p. 1135.) Rather, the nexus *1146 can, as here (see p. 1145, ante), be established by the nature and circumstances of the defendant’s crime.
In support of its construction of the gang participation statute, the lead opinion quotes this court’s statement in Castenada, supra, 23 Cal.4th at page 749, that one who violates the statute “ ‘has also aided and abetted a separate felony offense committed by gang members ....’” (Lead opn., ante, at p. 1134.) This statement should be read in context, however.
At issue in Castenada, supra, 23 Cal.4th 743, was the requirement that one who violates section 186.22’s subdivision (a) must have “actively participate[d]” in the gang. The defendant there contended that holding a leadership position in the gang was necessary to qualify a person as one who “actively participate^]” in the gang. Otherwise, the defendant in Castenada asserted, the statute would be unconstitutional under the high court’s holding in Scales, supra, 367 U.S. 203. (See Castenada, at pp. 747-748.) In rejecting that argument, Castenada relied on the statutory requirement that the offender “willfully promote[], further[], or assist[] in any felonious criminal conduct by members of that gang.” (§ 186.22, subd. (a).) That requirement, Castenada reasoned, ensured a level of active participation that was “more than nominal or passive” (Castenada, at p. 752), and therefore an additional requirement of leadership in the gang was constitutionally unnecessary. (Id. at pp. 749-752.) It was in that context that Castenada said that “a person who violates section 186.22(a) has also aided and abetted a separate felony offense committed by gang members . . . .” (Castenada, at p. 749; see id. at pp. 750-752.)
In emphasizing that under section 186.22’s subdivision (a), an offender’s participation in a criminal street gang must, by definition, be “more than nominal or passive” (Castenada, supra, 23 Cal.4th at p. 752), Castenada only needed to mention the minimum way an offender could participate in a street gang and still violate the statute—that is, by aiding and abetting gang members. No need existed in Castenada to consider more direct forms of active gang participation, such as that at issue here.
Here, the prosecution’s evidence established that robbery was a primary activity of the Norteño criminal street gang; that the gang was active in Marysville, where defendant committed the attempted robbery; and that defendant displayed symbols of gang membership during his commission of that crime. Under those circumstances, I conclude, as did the dissenting justice in the Court of Appeal, that defendant came within the language of the criminal street gang participation statute by “willfully promoting] [or] furthering] . . . felonious criminal conduct by members of th[e] gang.” *1147 (§ 186.22, subd. (a).) Accordingly, I would reverse the judgment of the Court of Appeal and remand the matter to that court with directions to uphold defendant’s conviction under section 186.22’s subdivision (a).
Cantil-Sakauye, C. J., and Chin, J., concurred.

 All further statutory references are to the Penal Code.