[No. B069536. Second Dist., Div. One. Dec. 23, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY L. SMITH, Defendant and Appellant.

## COUNSEL

Janyce Keiko Imata Blair, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George H. Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General,

Robert C. Schneider and Alison Braun, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ORTEGA, J.—We reverse the judgment in part because of error committed during jury selection and affirm the judgment in part.

### BACKGROUND

Defendant Timothy L. Smith was convicted by a jury of first degree murder (Pen. Code, §§ 187, subd. (a), 189)[1] (count one) and street terrorism (§ 186.22, subd. (a)) (count two) in the shooting death of a security guard at a taco stand. Firearm enhancements and a street gang enhancement were found true (§§ 12022, subd. (a)(1), 186.22, subd. (b)). In charges arising out of a separate incident, defendant pled guilty to street terrorism and carrying a loaded firearm (§§ 186.22, subd. (a), 12031, subd. (a)) (counts three and four). He received a sentence of 34 years to life.[2]

During jury selection in the homicide case, the prosecutor peremptorily excused several Black jurors and defendant brought a motion pursuant to *People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]. The trial court found, prima facie, that the prosecutor was systematically excusing Blacks and required her to justify the peremptory challenges. The court accepted her explanation and denied the *Wheeler* motion.

The prosecutor excused another Black juror and defendant renewed his *Wheeler* motion. This time the trial court rejected the prosecutor's explanation. But rather than excusing the panel and calling for a new venire, the court reseated the excused juror and the trial proceeded.

 The sole issue on appeal is whether the trial court's failure to call for a new panel constitutes reversible error.

### DISCUSSION

 The California Supreme Court in *People* v. *Wheeler, supra,* 22 Cal.3d 258, unequivocally stated the remedy under these circumstances: "If the [trial] court finds that the burden of justification is not sustained as to

---

[1]All further statutory references are to the Penal Code.

[2]Defendant raises no issues on appeal concerning the two counts to which he pled guilty. We affirm the judgment as to counts three and four.

any of the questioned peremptory challenges, the presumption of their validity is rebutted. Accordingly, the court must then conclude that the jury as constituted fails to comply with the representative cross-section requirement, and it *must* dismiss the jurors thus far selected. So too it *must* quash any remaining venire, since the complaining party is entitled to a random draw from an entire venire—not one that has been partially or totally stripped of members of a cognizable group by the improper use of peremptory challenges. Upon such dismissal a different venire *shall* be drawn and the jury selection process may begin anew." (*Id.* at p. 282, italics added, fn. omitted.)

This rule has been reiterated as recently as December 14, 1992, in *People v. Rojas* (1992) 11 Cal.App.4th 950 [14 Cal.Rptr.2d 318], review denied March, 17, 1993: "'. . . the court must dismiss the venire and begin jury selection anew. [Citation.]'" (*Id.* at p. 956.)

"The error is prejudicial per se: 'The right to a fair and impartial jury is one of the most sacred and important of the guaranties of the constitution. Where it has been infringed, no inquiry as to the sufficiency of the evidence to show guilt is indulged and a conviction by a jury so selected must be set aside.' [Citations.]" (*People v. Wheeler, supra,* 22 Cal.3d at p. 283, quoting *People v. Riggins* (1910) 159 Cal. 113, 120 [112 P. 862].)

Respondent makes a valiant effort to salvage the situation, pointing out that the United States Supreme Court in *Batson v. Kentucky* (1986) 476 U.S. 79 [90 L.Ed.2d 69, 109 S.Ct. 1712], expressed "no view on whether it is more appropriate in a particular case, upon a finding of discrimination against [B]lack jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case [citation], or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire [citations]." (*Id.* at p. 100, fn. 24 [90 L.Ed.2d at p. 90].)

Since the *Batson* court did not disapprove of the remedy implemented here, respondent argues, we can look to other reasons for the *Wheeler* rule which justify the remedy. In *Holland v. Illinois* (1990) 493 U.S. 474 [107 L.Ed.2d 905, 110 S.Ct. 803], Justice Kennedy's concurrence stated that "exclusion of a juror on the basis of race, whether or not by use of a peremptory challenge, is a violation of the *juror's* constitutional rights." (*Id.* at p. 488 [107 L.Ed.2d at p. 921], italics added.) In a dissenting opinion, Justice Stevens reiterated the *Batson* view that "'[r]acial discrimination in the selection of jurors harms not only the accused whose life or liberty they are summoned to try,' but also 'the excluded juror.'" (*Id.* at p. 507 [107

L.Ed.2d at pp. 933-934], quoting *Batson* v. *Kentucky, supra,* 476 U.S. at p. 87 [90 L.Ed.2d at p. 81].)

In *U.S.* v. *De Gross* (9th Cir. 1992) 960 F.2d 1433, the court held that the United States "has standing to object to a defendant's discriminatory peremptory challenge by asserting the equal protection rights of the [juror] sought to be excluded." (*Id.* at p. 1437.)

Thus, argues respondent, "the trial court's remedy of seating the improperly challenged juror was a good one because it was an efficacious way of protecting that individual juror's equal protection rights, which the *Wheeler* remedy of dismissing the entire venire has always ignored." Although impressed by the ingenuity of the argument, we must reject it. Nothing in the federal cases purports to expand the *Wheeler* remedy so far as California is concerned. Our reading of *Batson* persuades us that up to this point the choice of whether to quash the venire and start over or merely reseat the excused juror is left to the states. California has clearly set forth its choice.

We must concede that the trial court's solution here might well be the more effective remedy from a defendant's standpoint. As the prosecutor pointed out in objecting to reseating the excused juror, the People were confronted with the unpleasant chore of trying a case to a jury containing at least one member who had been wronged by the prosecutor. The *Wheeler* solution allows a prosecutor to push the limit and, if found to have gone too far, to have the slate wiped clean and start over with a new venire. But unless and until the United States Supreme Court mandates a contrary remedy, or the California Supreme Court changes its mind, we have no option but to follow the *Wheeler* remedy.

### DISPOSITION

The judgment is reversed as to counts one and two only and is affirmed as to counts three and four.

Spencer, P. J., and Masterson, J., concurred.