*Supp. 4 Opinion
JOHNSON, Acting P. J.
— Defendant Hueminia D. Williams (appellant) appeals from a conviction for driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a). Appellant contends the trial court committed reversible error in refusing to follow the procedures pertaining to peremptory challenges set forth in People v. Wheeler (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]. We disagree and affirm the judgment.
I
On November 13, 1992, in Division 26 of the Los Angeles Municipal Court, a jury trial commenced on a criminal complaint charging appellant with violation of Vehicle Code section 23152, subdivision (a) (driving under the influence of alcohol).
During jury selection, defense counsel brought a motion pursuant to People v. Wheeler, supra, 22 Cal.3d 258, alleging the prosecutor’s peremptory excuse of two Black jurors indicated racial bias. The court found no prima facie case of bias had been shown and denied the motion. Subsequently, the prosecutor brought a Wheeler motion, alleging defense counsel was systematically excluding White jurors. The court denied this motion as well.
Shortly thereafter, defense counsel renewed his Wheeler motion, which the court again denied. The prosecutor then renewed her Wheeler motion, pointing out defense counsel excused four of the seven White jurors on the panel without evident justification. The court asked defense counsel to justify his peremptory challenges. Finding counsel’s explanations unsatisfactory, the court granted the prosecutor’s Wheeler motion, dismissed the panel of prospective jurors, and sent the matter back to the master calendar court for resetting.
The case was reset for trial on November 16 in Division 14. During jury selection, defense counsel brought a Wheeler motion based on the prosecutor’s peremptory challenges to two Black jurors. The court required the prosecutor to explain the challenges, found her explanations satisfactory, and denied the motion.
Next, the prosecutor brought a Wheeler motion, alleging defense counsel was systematically excluding jurors of Asian descent. The court, finding a prima facie showing had been made, sought defense counsel’s explanation *Supp. 5 for the challenges, but counsel declined to provide any justification. Accordingly, the court granted the Wheeler motion and discharged the panel of prospective jurors.
A third jury panel was called on November 17, and jury selection commenced anew in Division 14. Before beginning his voir dire of the panel, the trial judge met in chambers with the prosecutor and defense counsel to suggest a procedure to accommodate Wheeler motions while avoiding dismissal of the entire jury panel in response to a successful motion. The court stated:
“Outside the jurors’ presence now, we discussed in chambers at my instigation the method for trying to avoid [dismissal of the panel] happening again. I mentioned the possibility of exercising voir dire peremptories from the bench or at the bench at the sidebar, outside the presence of the jurors, and then if there is a Wheeler issue that can be answered before a juror is excused. The remedy, then, if I found that [a] Wheeler motion were proper, would be that if a juror were being impermissibly excused peremptorily, then I would simply not allow the peremptory, rather than declare a mistrial.
“The value of that would be not declaring a mistrial. The detriment, I assume, the reason that a mistrial is declared rather than ordinarily simply calling the juror back [who was] wrongly excused, is that it will be too much of a remedy, that it would certainly prejudice — the juror will be prejudiced in the knowledge against the person who just removed him. And for that reason the remedy of a mistrial is authorized by Wheeler.
“This method would avoid it. The problem with [this method], of course, is that it’s not one that’s mentioned in any case that I have seen, but I haven’t seen any case where there’s been two Wheeler mistrials. And I think for the reasons that I stated before, that we could be in a position of never getting to trial in the case if we continue with the Wheeler remedy, and ‘remedy’ in quotation marks.”
Defense counsel objected to the suggested procedure, citing People v. Harris (1992) 10 Cal.App.4th 672 [12 Cal.Rptr.2d 758], for the proposition that holding peremptory challenges at the sidebar would be unconstitutional. The prosecutor agreed that Harris prohibits such a procedure. Both counsel expressed their belief that they would be able to pick a jury from the new panel without further mistrials. The court, however, determined to adopt the sidebar procedure, noted that since any peremptory challenges not disallowed by a successful Wheeler motion would be exercised in open court, there would be no violation of the right to a public trial.
*Supp. 6 When the initial voir dire process was completed, the court called counsel to the sidebar to conduct the preliminary exercise of peremptory challenges and the substance of any resulting Wheeler motions in the manner it had proposed. The prosecutor expressed an intent to excuse Mr. Lara from the panel, defense counsel raised no Wheeler objection, counsel stepped back to their tables, and the prosecutor exercised her peremptory challenge in open court. After the replacement juror was seated and questioned and both counsel had passed for cause, the court called counsel back to the sidebar and defense counsel indicated his first challenge would be to Ms. Palmquist. The prosecutor raised a Wheeler objection but the court determined no prima facie showing of group bias had been made, and the motion was denied. Counsel stepped back to their tables, and defense counsel exercised his peremptory challenge in open court. The peremptory challenge procedure continued in this fashion; each counsel indicated his or her next challenge at the sidebar, opposing counsel either expressed no objection or brought an unsuccessful Wheeler motion, and counsel then stepped away from the sidebar and exercised their challenges in open court.
Upon defense counsel’s attempted exercise at the sidebar of his ninth peremptory challenge, the prosecutor noted the challenged juror, Ms. Manaloto, was the third potential juror of Asian descent excused by the defense, and brought a Wheeler motion. The court found a prima facie showing of group bias had been made, and asked defense counsel to explain his challenges to the three jurors.
Defense counsel explained he challenged Ms. Manaloto because she worked for the California Department of Insurance and might give undue weight to the testimony of the California Highway Patrol officer scheduled to testify in the case because he and Ms. Manaloto were both state employees. Counsel further noted the Phillippines was “a very law and order country,” and thus Ms. Manaloto, whose cousin was a judge in the Philippines, might favor the prosecution. Counsel explained he excused one of the other two jurors at issue, Ms. Gagarin, because she stated she had had a bad experience learning to drive in the Philippines, and subsequently never learned to drive. Thus, defense counsel believed, she might be more likely than most jurors to believe that since appellant had been arrested and charged with driving under the influence, he was a dangerous person. Additionally, Ms. Gagarin was a senior clerk in the city attorney’s office and might strongly identify with the prosecuting city attorney in this case.
Finally, with respect to the other previously excused juror Mr. Wang, defense counsel noted Mr. Wang stated he had a law degree from another country in which the law requires a defendant to prove his innocence, which *Supp. 7 might prejudice him in a case where the burden of proof was on the prosecution, particularly if no defense evidence were introduced.
The court made no finding as to the sufficiency of defense counsel's justification for previously excusing Ms. Gagarin and Mr. Wang. With respect to the current challenge to Ms. Manaloto, the court stated: “There's a cumulative effect. Just thinking about Ms. Manaloto alone I don't see any possible reason other than racial stereotype for excusing her and I think it's creating an imbalance and there’s a cumulative effect of these three people mentioned.”
Over defense counsel’s objection, the court refused to permit Mm to exercise Ms peremptory challenge against Ms. Manaloto.
WMle still at the sidebar, the court asked if defense counsel had another challenged he wished to exercise. Defense counsel named Ms. Mendez, and the prosecutor voiced no Wheeler objection. Counsel then stepped back to their tables and, in open court, Ms. Mendez was challenged by defense counsel and excused by the court. After each counsel exercised one more peremptory challenge in the aforementioned manner, both counsel accepted the panel and the jury was sworn.
The jury ultimately convicted-appellant of driving under the influence in violation of VeMcle Code section 23152, subdivision (a). The court placed Mm on 36 months’ summary probation on the condition that he serve 48 hours in jail, perform 13 days of community service, pay a $390 fine, and complete an alcohol treatment course.
Appellant timely filed Ms notice of appeal.
H
Relying upon People v. Harris, supra, 10 Cal.App.4tt 672, appellant contends the trial court’s decision to conduct peremptory challenges at the sidebar violated Ms right to a public trial pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 15 of the California Constitution. In Harris, supra, the Court of Appeal held a defendant’s constitutional right to a public trial is violated where the entire peremptory challenge process is conducted in chambers and the jury is apprised only of the final list of jurors to be excused. (10 Cal.App.4th at p. 684.) The court in Harris indicated that the pasty who exercised each challenge, the order in wMch the peremptory challenges were made, and the order in wMch supplemental prospective jurors replaced *Supp. 8 prospective jurors who had been peremptorily challenged should be public information. (Id., at p. 683, fn. 6.)
However, the instant case is factually distinguishable from People v. Harris, supra, 10 Cal.App.4th 672. Here, once a peremptory challenge was made at the sidebar and the opposing party either declined to bring a Wheeler motion or the motion was denied, counsel returned to their tables and announced their peremptory challenges in open court. Thus, contrary to the situation in Harris, the jury in the instant case was not denied the right to know which party exercised each challenge and the order in which challenges were made. In view of the foregoing, we conclude the preliminary exercise of peremptory challenges and Wheeler motions at the sidebar did not deprive appellant of his constitutional right to a public trial.[1]
Ill
Appellant next contends the trial court committed reversible error in refusing to dismiss the jury panel and quash the remaining venire upon granting respondent’s Wheeler motion with respect to appellant’s peremptory challenge to Ms. Manaloto.
• “[T]he right to trial by a jury drawn from a representative cross-section of the community is guaranteed equally and independently by the Sixth Amendment to the federal Constitution and by article I, section 16 of the California Constitution, [ftj It therefore becomes the responsibility of our courts to insure that this guarantee not be reduced to a hollow form of words, but remain a vital and effective safeguard of the liberties of California citizens.” (People v. Wheeler, supra, 22 Cal.3d at p. 272, fn. omitted.)
Pursuant to People v. Wheeler, supra, 22 Cal.3d at page 258, “[i]f the [trial] court finds that the burden of justification is not sustained as to any of the questioned peremptory challenges, the presumption of their validity is rebutted. Accordingly, the court must then conclude that the jury as constituted fails to comply with the representative cross-section requirement, and *Supp. 9 it must dismiss the jurors thus far selected. So, too, it must quash any remaining venire, since the complaining party is entitled to a random draw from an entire venire — not one that has been partially or totally stripped of members of a cognizable group by the improper use of peremptory challenges.” (Id., at p. 282.)
Notwithstanding the foregoing, the California Supreme Court in People v. Wheeler, supra, 22 Cal.3d 258, did not foreclose the possibility that remedies aside from dismissing the jury panel and quashing the remaining venire may be appropriate under certain circumstances, noting that “[i]f experience should prove otherwise, it will be time enough then to consider alternative penalties.” (Id., at p. 282, fn. 29.)
Relying upon People v. Smith (1993) 21 Cal.App.4th 342 [25 Cal.Rptr.2d 850] and People v. Lopez (1991) 3 Cal.App.4th Supp. 11 [5 Cal.Rptr.2d 775], appellant argues the trial court was not authorized to employ a remedy not sanctioned by the California Supreme Court in People v. Wheeler, supra, 22 Cal.3d 258, for the improper exercise of peremptory challenges.
In People v. Smith, supra, 21 Cal.App.4th 343, 344, upon a successful Wheeler motion by the defense on the ground the prosecutor was improperly excluding Blacks, the trial court refused to dismiss the jury panel and quash the remaining venire. Over the prosecutor’s objection, the trial court reseated the improperly challenged juror and the trial proceeded. The Court of Appeal in Smith, relying upon People v. Wheeler, supra, 22 Cal.3d at page 283, held the trial court’s failure to dismiss the jury panel and quash the remaining venire constituted prejudicial error per se. (People v. Smith, supra, 21 Cal.App.4th at p. 345.)
However, People v. Smith, supra, 21 Cal.App.4th 342, is distinguishable from the instant case. In Smith, the aggrieved party who brought the successful Wheeler motion was the defendant. Here, the successful Wheeler motion was brought by the People. Wheeler requires dismissal of the entire venire after group bias is shown in the exercise of peremptory challenges because “. . . the complaining party is entitled to a random draw from an entire venire . . . .” (People v. Wheeler, supra, 22 Cal.3d at p. 282.) Here, the People were the complaining party and waived the right to obtain dismissal of the venire by agreeing to the trial court’s alternative remedy of retaining the challenged juror instead of dismissing the entire venire.
Importantly, the trial court’s procedure of conducting preliminary peremptory challenges and Wheeler motions at the sidebar prevented potential bias *Supp. 10 by the challenged juror against the party whose attempt to excuse the juror was unsuccessful. Unlike the challenged juror in People v. Smith, supra, 21 Cal.App.4th 342, who was improperly excused and then reseated, Ms. Manaloto remained seated without knowing she had been challenged.
In People v. Lopez, supra, 3 Cal.App.4th Supp. 11, the trial court on its own motion held a Wheeler hearing and determined defense counsel was using peremptory challenges to exclude Chinese persons from the jury. (Id., at p. Supp. 14.) The trial court denied defense counsel’s challenge to the third Chinese juror, refused to dismiss the jury panel and quash the remaining venire, and reseated the improperly challenged juror. (Ibid.) The Appellate Department of the Superior Court of San Francisco, relying upon People v. Wheeler, supra, 22 Cal.3d 258, concluded the trial court was not authorized to employ an alternative remedy not mandated by Wheeler. (People v. Lopez, supra, 3 Cal.App.4th at p. Supp. 18.)
As a decision from a court of equal jurisdiction, the holding in People v. Lopez, supra, 3 Cal.App.4th Supp. 11, is not binding on this court. (9 Witkin, Cal. Procedure (3d ed. 1985) § 777, pp. 747-748.) Moreover, Lopez is distinguishable on the ground the prosecutor in that case neither approved of the court’s alternative remedy nor waived the People’s right to a random draw from an entire venire. Additionally, contrary to the instant case, in Lopez, as in People v. Smith, supra, 21 Cal.App.4th 342, the improperly challenged juror was excused and then reseated, creating the possibility of bias by the challenged juror against the party whose challenge to the juror was unsuccessful.
Appellant has failed to establish prejudice as a result of the trial court’s refusal to dismiss the jury panel and quash the remaining venire. Since there was no finding that Wheeler was violated with respect to the two Asian jurors excluded by the defense prior to its challenge to Ms. Manaloto, the record does not establish the jury “was partially or totally stripped of members of a cognizable group by the improper use of peremptory challenges.” (People v. Wheeler, supra, 22 Cal.3d at p. 282.) As we indicated earlier, we are not bound by the holding in People v. Smith, supra, 21 Cal.App.4th 342, because that case is factually distinguishable from the instant case. People v. Lopez, supra, 3 Cal.App.4th Supp. 11, is both factually distinguishable and not binding authority on this court. In view of the foregoing and the fact that the trial court’s decision to disallow defense counsel’s peremptory challenge to Ms. Manaloto and to allow Ms. Manaloto to remain on the panel followed two previous successful Wheeler motions by the People resulting in the dismissal of two entire jury venires, we find no error here.
*Supp. 11 IV*
The judgment is affirmed.
So yen, J„ and Watai, J., concurred.

The issue in People v. Harris, supra, 10 Cal.App.4th 672, regarding the public’s right to know the order in which supplemental prospective jurors replaced excused prospective jurors is inapplicable to the instant case. In Harris, the trial court seated and questioned 20 prospective jurors at a time. Peremptory challenges were exercised against the first 12 panelists, and replacement jurors were automatically seated from the remaining 8 panelists, who were then subject to challenge without further questioning. (Id. at pp. 681-682.) Here, however, the trial court seated only 12 jurors at a time. Thus, when a challenge was successfully exercised, instead of replacing the challenged juror with a panelist who was already seated, a new panelist was called from the remaining venire and questioning began anew.

See footnote, ante, page Supp. 1.