Filed 12/27/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S187680 |
| v. | ) | |
| | ) | Ct.App. 3 C060227 |
| JOE RODRIGUEZ, JR., | ) | |
| | ) | Yuba County |
| Defendant and Appellant. | ) | Super. Ct. No. CRF07288 |
| _____ | ) | |

We are again called upon to construe Penal Code section 186.22,[1] the California Street Terrorism Enforcement and Prevention Act (the STEP Act) (§ 186.20 et seq.), involving the activity of criminal street gangs.  At issue here is section 186.22, subdivision (a) (section 186.22(a)):  "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who *willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang*, shall be punished . . . . "  (Italics added.)[2]

We granted review to resolve a conflict in the Courts of Appeal.  Under the language of the italicized phrase, does a gang member violate section 186.22(a) if

---

[1]    Further statutory references are to the Penal Code, unless otherwise noted.

[2]    For convenience, we will sometimes refer to section 186.22(a) as the "gang participation" offense.

1

he commits a felony, but acts alone?  The Court of Appeal below concluded that he does not.  We agree and affirm the judgment of the Court of Appeal.

## BACKGROUND

Defendant was a Norteño gang member from Woodland whose girlfriend lived in Marysville.  On May 10, 2007, around 10:30 p.m., Stanley Olsen stepped out of his truck in Marysville.  Someone behind him spoke.  Olsen turned and saw defendant approaching him.  Olsen asked defendant whether Olsen knew him.  Defendant responded with a racial epithet and threatened to kill Olsen.

Defendant moved so close to Olsen that the chests of the two men were touching.  Defendant demanded Olsen's money and again threatened him.  When Olsen told defendant to go away, defendant punched him in the jaw.  The men fell to the ground and defendant continued to beat Olsen.  Olsen was ultimately able to get up and run.  Eventually, police found defendant in his girlfriend's nearby apartment, hiding under a bed.

Two gang experts testified that robbery was a primary activity of the Norteño gang and both opined that the attempted robbery of Olsen was committed for the benefit of the gang.  There was no evidence that defendant acted with anyone else.

The jury convicted defendant of attempted robbery and the separate felony of gang participation.  It also found true the enhancement allegation that defendant committed the attempted robbery for the benefit of the gang.  The court found that defendant had suffered a prior strike conviction and served a prior prison term.[3]

---

**3**  Sections 664, 211; section 186.22, subdivisions (a), (b)(1); sections 667, subdivisions (a)-(d), 1170.12, subdivisions (b), (c); and section 667.5, subdivision (b).

2

Before sentencing, the trial court granted defendant's new trial motion as to the gang enhancement allegation under section 186.22, subdivision (b)(1) (section 186.22(b)(1)) for lack of substantial supporting evidence. The prosecution did not seek to retry the allegation, and the court imposed a prison term of eight years four months.

A divided Court of Appeal reversed defendant's conviction for the separate count of gang participation under section 186.22(a). Over a dissent, the majority concluded that defendant's commission of the attempted robbery while acting alone did not fall within the statute. We granted the Attorney General's petition for review and now affirm.

## DISCUSSION

"Underlying the STEP Act was the Legislature's recognition that 'California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods.' (Pen. Code, § 186.21.) The act's express purpose was 'to seek the eradication of criminal activity by street gangs.' (*Ibid.*)" (*People v. Gardeley* (1996) 14 Cal.4th 605, 609 (*Gardeley*).) In pursuit of this goal, the STEP Act focuses upon "patterns of criminal gang activity and upon the organized nature of street gangs, which together, are the chief source of terror created by street gangs." (§ 186.21.)[4]

---

[4]  Defendant seeks judicial notice of various legislative materials concerning section 186.22. Exhibits A through C, which counsel obtained from the Legislative Intent Service, reflect statements made by the author of the bill that would become section 186.22. Exhibit A is a copy of a letter written by the author to a committee chairperson, exhibit B reflects the author's statements to the Senate, and exhibit C shows the author's statements to the Senate Judiciary Committee. We deny judicial notice as to these items, which, "although bearing a Legislative Intent Service stamp, are not certified copies." (*In re Marriage of*

*(footnote continued on next page)*

In addressing the problem, the STEP Act created a substantive offense, section 186.22(a), which punishes "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ."

The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by

---

*(footnote continued from previous page)*

*Pendleton & Fireman* (2000) 24 Cal.4th 39, 47, fn. 6; see *Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 46, fn. 9 (*Quelimane Co.*); Evid. Code, §§ 1401, 1530.) Further, "the views of individual legislators as to the meaning of a statute rarely, if ever, are relevant . . . ." (*Quelimane Co.,* at pp. 45-46, fn. 9.)

Exhibits D, E, and G are copies of Legislative Counsel's summary digests of the Senate and Assembly versions of the bill and the final versions enacted by the Legislature. "A request for judicial notice of published material is unnecessary." (*Quelimane Co., supra,* 19 Cal.4th at pp. 45-46, fn. 9.) We considered similar materials in *People v. Albillar* (2010) 51 Cal.4th 47 and *People v. Castenada* (2000) 23 Cal.4th 743 with respect to section 186.22 without taking judicial notice of them. (See *Albillar,* at pp. 56-57; *Castenada,* at pp. 749-750.) "We therefore consider the request for judicial notice as a citation to those materials that are published." (*Quelimane Co.,* at pp. 45-46, fn. 9.)

Finally, exhibit F is a copy of a report dated September 27, 1988, from the Legislative Counsel to the Governor regarding the enrolled bill. As we have verified the authenticity of this item from legislative history materials in our possession, we grant defendant's judicial notice request as to exhibit F only. (See *Hisel v. County of Los Angeles* (1987) 193 Cal.App.3d 969, 978, fn. 13 [noting that the Legis. Counsel's report to the Governor regarding an enrolled bill is judicially noticeable].)

members of that gang. (*People v. Lamas* (2007) 42 Cal.4th 516, 523 (*Lamas*).) A person who is not a member of a gang, but who actively participates in the gang, can be guilty of violating section 186.22(a). (§ 186.22, subd. (i).) The offense is punishable as a felony with a state prison term of 16 months, two years, or three years, or as a misdemeanor. (§ 186.22(a).)[5]

Mere active and knowing participation in a criminal street gang is not a crime. Applying the third element of section 186.22(a), a defendant may be convicted of the crime of gang participation only if he also willfully does an act that "promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (§ 186.22(a).) This case concerns that third element. Specifically, we must determine whether the third element is satisfied when a gang member commits a felony while acting alone.

The parties frame their disagreement around the meaning of the words "promotes, furthers, or assists" in the third element of section 186.22(a). The Attorney General argues the words "promote" and "further" apply to perpetrators of felonious criminal conduct as well as aiders and abettors, and encompass the perpetrator who acts alone. Defendant argues the words "promotes, furthers, or assists" are confined to the action of aiding and abetting, and thus require the involvement of more than one gang member. As we shall explain, it is significant

---

[5] The STEP Act also created a sentencing enhancement. Section 186.22(b)(1) imposes additional penalties for "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." Unlike the substantive offense, the enhancement does not require proof of participation in a gang. It is further distinguished from the substantive offense by applying only to gang-related offenses and by requiring the defendant to act with the *specific intent* to promote, further, or assist any criminal conduct by gang members.

that the offense requires a defendant to promote, further, or assist *members* of the gang.

"When interpreting statutes, we begin with the plain, commonsense meaning of the language used by the Legislature. [Citation.] If the language is unambiguous, the plain meaning controls." (*Voices of the Wetlands v. State Water Resources Control Bd.* (2011) 52 Cal.4th 499, 519.) "[W]henever possible, significance must be given to every word [in a statute] in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage." (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330.) "[W]e may reject a literal construction that is contrary to the legislative intent apparent in the statute or that would lead to absurd results . . . ." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 27.)

This statute has been the object of much appellate parsing. As a result, certain words and phrases in the third element of section 186.22(a) have already been judicially construed. In *People v. Albillar, supra,* 51 Cal.4th 47 (*Albillar*), we considered whether the phrase "any felonious criminal conduct" includes an unwritten requirement that the " 'felonious criminal conduct' . . . be gang related." (*Id*. at p. 51.) We concluded that it does not. The plain, unambiguous language of the statute targets *any* felonious criminal conduct, not felonious gang-related conduct. (*Id*. at p. 55.)

As to the phrase "by members of that gang" in section 186.22(a), the Court of Appeal in *People v. Green* (1991) 227 Cal.App.3d 692, 699 (*Green*) observed that " '[m]ember' and 'membership' are terms of ordinary meaning, and require no further definition." Neither the Attorney General nor defendant argue that "members of that gang" connotes anything other than its ordinary meaning. Additionally, "that gang" clearly refers back to the gang in which the defendant is an active participant.

6

As to the words "promotes, furthers or assists," neither party disputes their usual and ordinary meaning. The Attorney General cites *People v. Ngoun* (2001) 88 Cal.App.4th 432, 436 (*Ngoun*), in which the Court of Appeal stated: "In common usage, 'promote' means to contribute to the progress or growth of; 'further' means to help the progress of; and 'assist' means to give aid or support. (Webster's New College Dict. (1995) pp. 885, 454, 68.)"[6]

The Attorney General argues that a gang member satisfies the third element of section 186.22(a) when he commits a felony alone. She observes the statute does not require that one promote, further, or assist *other* gang members. This argument overlooks the language and grammatical structure of the statute. Section 186.22(a) speaks of "criminal conduct by *members* of that gang." (Italics added.) "[M]embers" is a plural noun. The words "promotes, furthers, or assists" are the verbs describing the defendant's acts, which must be performed willfully. The phrase "any felonious criminal conduct" is the direct object of these verbs. The prepositional phrase "by members of that gang" indicates who performs the felonious criminal conduct. Therefore, to satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang

---

[6] Defendant relies on the Oxford English Dictionary for similar definitions. "To assist is '[t]o help, aid: a. a person in doing something' or 'c. an action, process, or result.' (1 The Oxford English Dict. (2d. ed. 1989) p. 715, col. 2.)" "To promote means to '[f]urther the growth, development, progress, or establishment of (anything); to help forward (a process or result); to further, advance, encourage.' 12 The Oxford English Dict., *supra*, p. 616, col. 3.) To further means '[t]o help forward, assist (usually things; less frequently persons); to promote, favour (an action or movement.)' (6 The Oxford English Dict., *supra*, p. 285, col. 2.)" As these definitions make clear, they are largely tautological.

members, one of whom can include the defendant if he is a gang member.  (See § 186.22, subd. (i).)

The Attorney General acknowledges that section 186.22(a) employs the plural noun "members" and concedes that to "assist[]" in felonious criminal conduct "by members of that gang" requires the participation of more than one person in the criminal act at issue.  However, the Attorney General points to section 7, which states in part that "the singular number includes the plural," and argues that a gang member may "promote[]" or "further[]" the felonious conduct of *a member* of the gang, namely, the gang member himself, by simply committing the underlying felony alone.  In other words, while conceding that a person cannot "assist" himself in committing a crime, the Attorney General urges that a person may "promote" or "further" his own conduct.

Section 7 also cautions, however, that "[w]ords and phrases must be construed according to the context . . . ."  (§ 7, subd. 16.)  If the Legislature had intended to criminalize any felonious criminal conduct committed by any active and knowing participant, including one acting alone, the phrase "by members of that gang" would be superfluous.  The Legislature could simply have omitted that phrase and said, "Any person who actively participates in any criminal street gang, with knowledge that its members have engaged in a pattern of criminal street gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct, shall be punished . . . ."  But that is not what the statute says.  We give significance to every word in the statute actually enacted to implement the legislative purpose and avoid a construction that makes some words surplusage. (*Agnew v. State Bd. of Equalization*, *supra*, 21 Cal.4th at p. 330.)  Because under section 186.22(a) the felonious conduct that is willfully promoted, furthered, or assisted need not be gang related (*Albillar*, *supra*, 51 Cal.4th at p. 55), it appears the Legislature purposefully used the phrase "by members of that gang" to qualify

8

the scope of the statute. As we stated in *Albillar*: "[T]here is nothing absurd in targeting the scourge of gang members committing *any* crimes together and not merely those that are gang related. Gang members tend to protect and avenge their associates. Crimes committed by gang members, whether or not they are gang related or committed for the benefit of the gang, thus pose dangers to the public and difficulties for law enforcement not generally present when a crime is committed by someone with no gang affiliation. 'These activities, both individually and collectively, present a clear and present danger to public order and safety . . . .' (Pen. Code, § 186.21.)" (*Albillar*, *supra*, at p. 55.)

Further, this understanding of section 186.22(a) reflects the Legislature's attempt to avoid any potential due process concerns that might be raised by punishing mere gang membership.[7] In *Scales v. United States* (1961) 367 U.S. 203 (*Scales*), the United States Supreme Court addressed the constitutionality of the membership clause of the Smith Act, which criminalized membership in any organization advocating the overthrow of the government by force or violence. In addressing a due process challenge to this provision, *Scales* stated: "In our jurisprudence guilt is personal, and when the imposition of punishment on a status or on conduct can only be justified by reference to the relationship of that status or conduct to other concededly criminal activity (here advocacy of violent overthrow), *that relationship must be sufficiently substantial* to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment." (*Id*. at pp. 224-225, italics added.) The court concluded that, without more, mere membership in an organization engaged in illegal conduct is

_____

[7] We discuss due process principles only to illuminate the Legislature's choice in requiring the participation of more than one gang member in order to support a conviction under section 186.22(a).

9

not sufficient to establish the required relationship between that membership status and criminal activity. *Scales* ultimately held the statute passed constitutional muster when it was interpreted "to reach only 'active' members having also a guilty knowledge and intent, and which therefore prevents a conviction on what otherwise might be regarded as merely an expression of sympathy with the alleged criminal enterprise, unaccompanied by any significant action in its support or any commitment to undertake such action." (*Id*. at p. 228.)

We discussed *Scales*'s application to section 186.22(a) in *People v. Castenada, supra,* 23 Cal.4th 743 (*Castenada*). There we considered the *first* element of section 186.22(a) and resolved what constitutes active gang participation. In particular, we concluded that one who " 'actively participates in any criminal street gang' " need not be a leader in that gang as long as the person's involvement "is more than nominal or passive." (*Castenada,* at p. 747.) *Castenada* observed: "When our Legislature enacted section 186.22(a), which is at issue here, it was fully cognizant of the guilty knowledge and intent requirements the high court had articulated in *Scales*." (*Id*. at p. 749.) With *Scales* in mind, the Legislature limited "liability to those who promote, further, or assist a specific felony committed by gang members and who know of the gang's pattern of criminal gang activity. Thus, a person who violates section 186.22(a) has also aided and abetted a separate felony offense committed by gang members . . . ." (*Castenada,* at p. 749.) *Castenada* noted that "[t]hese statutory elements necessary to prove a violation of section 186.22(a) exceed the due process requirement of personal guilt that the United States Supreme Court articulated in *Scales* . . . ." (*Ibid.*) We thus rejected the defendant's claim that section 186.22(a) criminalized lawful association since the statute required that "a defendant 'actively participate[]' in a criminal street gang while also aiding and

abetting a felony offense committed by the gang's members." (*Castenada,* at p. 751.)

The Legislature thus sought to avoid punishing mere gang membership in section 186.22(a) by requiring that a person commit an underlying felony with at least one other gang member. *Scales* found the membership provision of the Smith Act constitutional because it criminalized "active" membership coupled with knowledge of the organization's criminal goals and the specific intent that such goals be furthered. In this context, *Scales* stated, "we can perceive no reason why one who actively and knowingly works in the ranks of that organization, intending to contribute to the success of those specifically illegal activities, should be any more immune from prosecution than he to whom the organization has assigned the task of carrying out the substantive criminal act." (*Scales, supra,* 367 U.S. at pp. 226-227.) As we observed in *Albillar*, however, section 186.22(a), unlike the gang enhancement in section 186.22(b)(1), does not require a specific intent to further or promote the gang (only knowledge of the gang's pattern of criminal activity). (*Albillar, supra,* 51 Cal.4th at p. 56.) Further, as previously noted, *Albillar* concluded section 186.22(a) does not require that the underlying felony be gang related. (*Albillar, supra,* 51 Cal.4th at p. 55.)

It is established, then, that one need not have the specific intent to promote, further, or benefit the gang to violate section 186.22(a), nor must one commit a gang-related felony. As we recently observed in *People v. Mesa* (2012) 54 Cal.4th 191 (*Mesa*), in considering the STEP Act, "the Legislature was careful to observe that 'mere membership [in a gang] is not punishable under the bill. The United States Supreme Court has held that mere association with a group cannot be punished unless there is proof that the defendant knows of and intends to further its illegal aims. [Citation.] This bill imposes sanctions on active participation in the gang only when the defendant knows about and specifically intends to further

11

the criminal activity; or where he knows of the criminal activity and willfully promotes, furthers, or assists it.' " (*Mesa, supra,* 54 Cal.4th at pp. 196-197, citing *Scales, supra,* 367 U.S. at p. 229.) The Legislature thus recognized the constitutional prohibition against punishing mere gang membership, and its use of the plural "members" in section 186.22(a) reflected the Legislature's attempt to provide a nexus between the felonious conduct and gang activity that avoided the concerns raised in *Scales.* (Cf. *Green, supra,* 227 Cal.App.3d at pp. 703-704 [rejecting a due process challenge against the third element of section 186.22(a) where the Attorney General conceded that one "would also have to be criminally liable as an aider and abettor to any specific crime committed by a member or members of a criminal street gang"].) The Attorney General's interpretation that a gang member may satisfy the statute simply by committing a felony alone reads out of the statute the nexus between defendant's conduct and gang activity that the Legislature put in the statute by requiring one act with another gang member.

The Attorney General and the dissenting opinion below relied upon three Court of Appeal cases to support their position. The court in *Ngoun, supra,* 88 Cal.App.4th 432, rejected the defendant's claim that he could not be convicted of section 186.22(a) because he directly perpetrated the underlying felonies rather than aided and abetted another in the commission of those felonies. *Ngoun* reasoned in part: "An active gang member who directly perpetrates a gang-related offense 'contributes' to the accomplishment of the offense no less than does an active gang member who aids and abets or who is otherwise connected to such conduct. Faced with the words the legislators chose, we cannot rationally ascribe to them the intention to deter criminal gang activity by the palpably irrational means of excluding the more culpable and including the less culpable participant in such activity." (*Id.* at p. 436.) *Ngoun*'s reasoning on this point is uncontroversial. Nothing in the language of section 186.22(a) would suggest that

12

one may not promote, further, or assist "in any felonious criminal conduct by members of that gang" by either aiding and abetting other gang members in committing a felony *or* by directly committing a felony with other gang members. *Ngoun* did not address the present issue of whether one committing a felony alone may violate section 186.22(a).

*Ngoun* was, nevertheless, interpreted to cover that situation in *People v. Salcido* (2007) 149 Cal.App.4th 356 (*Salcido*). Salcido challenged the trial court's instruction that the third element of section 186.22(a) would be satisfied if the jury concluded he " 'willfully promoted, furthered or assisted *by either directly and actively committing a felony offense or aiding and abetting* felonious criminal conduct by members of that gang.' " (*Salcido, supra,* 149 Cal.App.4th at p. 366.) *Salcido* reasoned, in relevant part: "[The defendant] contends *Ngoun* stands for the proposition that a '[principal] who commits a crime jointly with other gang members is equally liable under section 186.22, subdivision (a).' Salcido asserts that subdivision (a) imposes liability on perpetrators only if they commit the crime in concert with other gang members. In *Ngoun,* however, we placed no limitation on our holding. To the contrary, we concluded that *the subdivision 'applies to the perpetrator of felonious gang-related criminal* conduct as well as to the aider and abettor.' [Citation.]" (*Id.* at p. 368, italics added, citing *Ngoun, supra,* 88 Cal.App.4th at p. 436.) In *People v. Sanchez* (2009) 179 Cal.App.4th 1297 (*Sanchez*), the court held that the defendant forfeited the claim that section 186.22(a) required he commit the underlying felony with other gang members, but suggested, "Even if [that claim] had been raised, however, we would reject it on the authority of *Salcido.*" (*Sanchez, supra,* 179 Cal.App.4th at p. 1308.)

*Salcido*'s extension of *Ngoun*'s reasoning, to suggest that one who commits a felony alone may satisfy the third element of section 186.22(a), and *Sanchez*'s endorsement thereof in dictum, are undermined by *Albillar*, which post-dated all

13

three decisions. *Salcido* relied upon a suggestion in *Ngoun* that section 186.22(a) "applies to the perpetrator of felonious *gang-related* criminal conduct as well as to the aider and abettor." (*Ngoun, supra,* 88 Cal.App.4th at p. 436, italics added.) *Ngoun* further reasoned that "[a]n active gang member who directly perpetrates *a gang-related offense* 'contributes' to the accomplishment of the offense no less than does an active gang member who aids and abets or who is otherwise connected to such conduct." (*Ibid.*, italics added.) *Ngoun*'s characterization of section 186.22(a) as requiring a "gang-related" offense had little bearing on the issue before it, but that erroneous characterization would change the analysis here. Had section 186.22(a) required the commission of a "gang-related felony," then, as *Salcido* suggests, there would be little question that due process principles would not preclude a lone perpetrator's conviction under that provision. However, as we concluded in *Albillar*, section 186.22(a) does *not* require the commission of a gang-related felony. That conclusion fatally undermined *Salcido*'s reasoning.[8]

Although the Attorney General does not so argue, the dissenting opinion concludes a lone perpetrator may satisfy the third element of section 186.22(a), not because his or her commission of a felony furthers or promotes his or her own conduct, but rather because the commission of the felony emboldens fellow gang members to commit other, unspecified crimes in the future and, thus, "advances the gang's overall felonious purpose." (Dis. opn. at p. 3, italics omitted.) Initially, that suggestion seems inconsistent with our prior characterization of section 186.22(a) as requiring the promotion or furtherance of *specific conduct* of gang members and not inchoate future conduct. (See *Castenada, supra,* 23 Cal.4th at

---

**8** We disapprove of *People v. Salcido, supra,* 149 Cal.App.4th 356, and *People v. Sanchez, supra,* 179 Cal.App.4th 1297, to the extent they are inconsistent with this opinion.

14

p. 749 ["section 186.22(a) limits liability to those who promote, further, or assist a *specific felony* committed by gang members and who know of the gang's pattern of criminal gang activity" (italics added)]; see also *Lamas, supra,* 42 Cal.4th at p. 526 [quoting *Castenada* on this point].)  More fundamentally, such an interpretation would upset the balance chosen by the Legislature because it eliminates the nexus between a defendant's felonious conduct and gang activity that the Legislature has placed in section 186.22(a).  Under the dissent's view, all that would be required to satisfy the third element of section 186.22(a) would be expert testimony that commission of a felony by a gang member *would* embolden other gang members to commit felonies.  However, it could be maintained that *every time* a gang member commits a felony, other members of the gang would be emboldened to commit felonies as well.  Such testimony does little more than assert that the defendant is a gang member and that gangs, by definition, commit crimes as part of their primary activities.  (See § 186.22, subd. (f).)

The dissent's view blurs the distinction between section 186.22(a) and the enhancement under section 186.22(b)(1).  Although the dissent acknowledges that section 186.22(a) "does not *require* that the felony committed by the defendant be for the gang's benefit," the dissent asserts that "surely that statute is violated by a felony that *is* for the gang's benefit."  (Dis. opn. at p. 5, original italics.)  However, once one recognizes that gang-relatedness is *not* an element of the offense under section 186.22(a), it is unclear how evidence that a felony *is* gang-related, or that one commits a felony with the intent to benefit the gang, in any way satisfies the requirements of section 186.22(a).  In short, the dissent reads into section 186.22(a) a requirement of gang-relatedness that we expressly held in *Albillar* did not exist.  (*Albillar, supra,* 51 Cal.4th at p. 56 ["The Legislature clearly knew how to draft language limiting the nature of the criminal conduct promoted, furthered,

15

or assisted and could have included such language had it desired to so limit the reach of section 186.22(a)."].)

Section 186.22(a) and section 186.22(b)(1) strike at different things. The enhancement under section 186.22(b)(1) punishes gang-related conduct, i.e., felonies committed with the specific intent to benefit, further, or promote the gang. (See *Gardeley, supra,* 14 Cal.4th at p. 622.) However, "[n]ot every crime committed by gang members is related to a gang." (*Albillar, supra,* 51 Cal.4th at p. 60.) As such, with section 186.22(a), the Legislature sought to punish gang members who acted *in concert* with other gang members in committing a felony regardless of whether such felony was gang-related. (*Albillar, supra,* at p. 55 ["there is nothing absurd in targeting the scourge of gang members committing any crimes together and not merely those that are gang related"].)

The Attorney General argues that excluding a lone perpetrator within the scope of section 186.22(a) would be "absurd." To illustrate, she posits a scenario in which a gang leader plans to shoot rival gang members. The gang leader tells his plan to an active participant in his gang and asks the participant to provide the gun. The Attorney General complains that if the gang leader then shoots several rival gang members, he would not be guilty of violating section 186.22(a). She states that the active participant, who was merely the gang leader's aider and abettor, would be guilty of violating section 186.22(a).

The Attorney General's hypothetical is wrong in several respects. If the active participant is *not* a gang member, he would be no more guilty of violating section 186.22(a) than the gang leader because only one member of the gang — the gang leader — committed the shootings. If, on the other hand, the active participant *is* a gang member, then both the gang leader and the participant are guilty of violating section 186.22(a) as well as crimes relating to the shootings. The active participant, who aided and abetted the shooting by providing the gun, is

16

treated under the law as a principal. (§ 31.) The shootings would have been committed by both principals — the gang leader and the active participant.

Contrary to the Attorney General's suggestion, our conclusion does not lead to absurd results. A lone gang member who commits a felony will not go unpunished; he or she will be convicted of the underlying felony. Further, such a gang member would not be protected from having that felony enhanced by section 186.22(b)(1), which applies to "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members . . . ." Because the gang enhancement under section 186.22(b)(1) requires both that the felony be gang related and that the defendant act with a specific intent to promote, further, or assist the gang, these requirements provide a nexus to gang activity sufficient to alleviate due process concerns. (See *Albillar, supra,* 51 Cal.4th at p. 56 [noting differences between §§ 186.22(a) and 186.22(b)(1)].) Furthermore, we note that the lone perpetrator's punishment under the sentencing enhancement would be more substantial than that imposed for a defendant who violates section 186.22(a).[9]

---

[9] For example, under section 186.22, subdivision (b)(1)(A), a defendant receives an additional term of two, three, or four years at the court's discretion. If the underlying offense is a serious felony, as defined in section 1192.7, subdivision (c), the additional term is five years. (§ 186.22, subd. (b)(1)(B).) If the offense is a violent felony, as defined in section 667.5, subdivision (c), the additional term is 10 years. (§ 186.22, subd. (b)(1)(C).)

A gang member who is convicted of a violation of section 186.22(a), on the other hand, would presumably be sentenced for the underlying felony as well as the separate conviction under section 186.22(a). The maximum punishment for a violation of section 186.22(a) is three years. Applying section 1170.1, subdivision (a), the defendant would receive, at most, an additional eight-month sentence for the gang offense. We need not consider whether imposition of such a term would be barred by section 654. (See *Mesa, supra,* 54 Cal.4th at pp. 195-200.)

17

In sum, the Attorney General argues for an expansive interpretation of section 186.22(a) that is not supported by the statutory language. Although the People might prefer a different statute, section 186.22(a) reflects the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done *collectively* with gang members. Defendant here acted alone in committing the attempted robbery. Thus, he did not also violate section 186.22(a).

## DISPOSITION

We affirm the judgment of the Court of Appeal.

**CORRIGAN, J.**

**WE CONCUR:**

**WERDEGAR, J.**

**LIU, J.**

18

**CONCURRING OPINION BY BAXTER, J.**


I concur fully in Justice Corrigan's determination that defendant's conviction under Penal Code section 186.22, subdivision (a) (section 186.22(a)) must be reversed. As she explains, an active gang participant only violates section 186.22(a) if he commits the requisite felony collectively with one or more "members of that gang," rather than while acting alone, as defendant did here. However, unlike Justice Corrigan, I base my conclusion solely on the plain meaning of the express statutory language. Indeed, I find Justice Corrigan's analysis persuasive in this regard. Because there is no need to consider the constitutional implications of a contrary construction, as Justice Corrigan does, I write separately to summarize my views.

Two of the three elements of the gang offense in section 186.22(a) are not in issue here (1) active participation in a criminal street gang, and (2) knowledge that gang members engage in, or have engaged in, a pattern of criminal gang activity.

Critical here is the third element that the knowing and active gang participant "willfully promote[ ], further[ ], or assist[ ] in any felonious criminal conduct *by members of that gang*." (§ 186.22(a), italics added.) By using a plural construction, the ordinary meaning of which is clear, the gang offense requires felonious criminal conduct committed by at least two "[gang] members," including any defendant who is a member of "that gang." (*Ibid*.) As Justice

1

Corrigan notes, if the Legislature had intended simply to make it a separate offense for an active, knowing gang participant to engage in crime, it could have omitted the relevant language, and said that any such person "who willfully [commits,] promotes, furthers, or assists in any felonious criminal conduct . . . shall be punished" as prescribed by statute. In that case, no purpose would be served by the tagline "members of that gang." I join Justice Corrigan in avoiding such surplusage.

In a related vein, I also agree with Justice Corrigan that, as a matter of statutory construction, lone actors *are* punishable under section 186.22 insofar as their criminal sentences can be enhanced under subdivision (b)(1) of the statute (section 186.22(b)(1)). This sentencing provision applies to "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members." (*Ibid*.)

I recognize, of course, that a seemingly similar reference to gang "members" appears in *both* section 186.22(a) *and* section 186.22(b)(1). However, small but significant differences in grammar and context make clear that the enhancement provision lacks the same multiple-actor condition as the gang offense.

First, section 186.22(b)(1), unlike section 186.22(a), applies where the defendant, even if acting alone, "specific[ally] inten[ds]" by his felonious action to promote, further, or assist in any criminal conduct by gang members. Section 186.22(b)(1)'s reference to promoting, furthering, or assisting gang members thus merely describes a culpable *mental state*. By contrast, the gravamen of section 186.22(a) is that the defendant's own criminal *conduct* must itself directly promote, further, or assist felonious criminal conduct by members of the gang. Thus, section 186.22(a) implies joint criminal *action* with other gang members —

2

an implication that does not necessarily arise in section 186.22(b)(1).  This difference suggests we need not construe gang "members" in each provision the same way.

The relevant two subdivisions also treat criminal conduct by gang "members" differently.  As noted, section 186.22(a) plainly requires felonious criminal conduct committed in tandem by at least two gang members, one of whom may be the defendant.  In contrast, nothing in section 186.22(b)(1) states or implies that the criminal conduct by gang members which the defendant intends to promote, further, or assist *is the same criminal conduct* underlying the felony conviction subject to enhancement.  For this reason too, the direct and specific link between criminal conduct committed by the defendant and that committed by other gang members set forth in the gang offense (section 186.22(a)) is not present in the gang enhancement (section 186.22(b)(1)).

Accordingly, I agree with Justice Corrigan that the gang offense in section 186.22(a), unlike the gang enhancement in section 186.22(b)(1), does not extend to defendants who commit the requisite criminal conduct on their own.  No reference to other principles, authorities, or theories, including due process, is necessary to reach this conclusion.  I therefore take no position on such matters.

**BAXTER, J.**

3

**DISSENTING OPINION BY KENNARD, J.**

Is the crime of criminal street gang participation (Pen. Code, § 186.22, subd. (a))[1] committed when a lone gang member's felonious conduct benefits the gang as a whole? In my view, it is. The lead opinion reaches the opposite conclusion.

**I**

On the evening of May 10, 2007, in the northern California town of Marysville, defendant, who was an active Norteño gang member, approached Stanley Olsen. Using a racial epithet, defendant demanded Olsen's money and threatened to kill him. Defendant then punched Olsen in the jaw and continued to beat him after Olsen fell to the ground. Olsen eventually escaped. When police officers arrested defendant that same night at a nearby apartment, they saw that the words "northern" and "warrior" were tattooed on his arms, and that he was wearing shoes with red laces.

At defendant's trial, two criminal street gang experts testified for the prosecution: Sergeant Allan Garza of the Yuba County Sheriff's Department testified that robbery was a primary activity of the Norteño gang in Yuba County. Sergeant Christian Sachs of the Marysville Police Department confirmed that robbery was a primary activity of the gang, and he discussed the gang's presence

---

[1] All further statutory references are to the Penal Code.

1

in Marysville. These experts identified defendant's tattoos and red shoelaces as symbols of Norteño gang membership, and they expressed the view that defendant's attempt to rob Olsen was for the benefit of the gang. They explained that the crime benefitted the gang by intimidating the community, making it easier for gang members to commit crimes in the community, and making it less likely that witnesses of gang crimes would testify against gang members.

A jury convicted defendant of attempted robbery (§§ 211, 664) and, as relevant here, criminal street gang participation (§ 186.22, subd. (a)). In a two-to-one decision, the Court of Appeal reversed the gang participation conviction, concluding that the statute could not be violated by an individual acting alone. We granted the Attorney General's petition for review.

**II**

Section 186.22's subdivision (a), which defines the offense of gang participation, is a part of the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.) (STEP Act). In enacting the STEP Act, the Legislature made this finding: "[T]he State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to public order and safety and are not constitutionally protected." (§ 186.21.) The Legislature then expressed its intent "to seek the eradication of criminal activity by street gangs by focusing on patterns of criminal gang activity . . . ." (*Ibid.*) That purpose is furthered by applying the criminal street gang participation statute here: Defendant attempted a crime that fit the Norteño street gang's pattern of criminal activity (robbery while displaying symbols of gang membership), thereby advancing the gang's goal of terrorizing the residents of Marysville.

2

Section 186.22's subdivision (a) imposes punishment on "[a]ny person who [1] actively participates in any criminal street gang [2] with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and [3] who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (§ 186.22, subd. (a).) The statute's third requirement is at issue here. As explained below, it can be satisfied in at least three ways.

First, an offender "willfully promotes, furthers, or assists" the "felonious criminal conduct" of gang "members" if the offender, *aided and abetted by other gang members*, commits any felony, whether or not the felony is committed for the gang's benefit. (See *People v. Albillar* (2010) 51 Cal.4th 47, 55-56.)

Second, an offender "willfully promotes, furthers, or assists" the "felonious criminal conduct" of gang "members" if the offender *aids and abets another gang member* in committing any felony. (*People v. Castenada* (2000) 23 Cal.4th 743, 749-752 (*Castenada*).)

Third, the offender "willfully promotes, furthers, or assists" the "felonious criminal conduct" of gang "members" if the offender, acting alone, willfully commits a felony that, by its nature and circumstances, advances *the gang's overall felonious purpose*. (See *People v. Sanchez* (2009) 179 Cal.App.4th 1297, 1308 (*Sanchez*); *People v. Salcido* (2007) 149 Cal.App.4th 356, 368 (*Salcido*); *People v. Ngoun* (2001) 88 Cal.App.4th 432, 436 (*Ngoun*).) The cited Court of Appeal decisions all conclude that a lone gang member who perpetrates a gang-related felony violates the gang participation statute if the felony in question promotes the gang's general purpose. As the court in *Ngoun* said in upholding a gang participation conviction, "[t]he evidence supports a reasonable inference that the [felonies appellant committed] were intended by appellant to promote, further and assist the gang *in its primary activities* — the commission of criminal acts and the maintenance of gang respect." (*Ngoun*, at p. 437, italics added.)

3

If the Legislature had intended to restrict the crime of criminal street gang participation to the first two groups of offenders discussed above — those who act together with other gang members — it could simply have said, "promotes, furthers, or assists in any *felony* by members of that gang," instead of the statute's current language of "promotes, furthers, or assists in any *felonious criminal conduct* by members of that gang." (§ 186.22, subd. (a), italics added.) Unlike the word "felony," the broader phrase "felonious criminal conduct" need not refer to a *specific* felony; rather, it might refer more generally to the gang's overall felonious enterprise, which can be promoted or furthered by a lone gang member's felony. That point is overlooked by the lead opinion.

In concluding that the gang participation statute cannot be violated by a gang member acting alone, the lead opinion focuses on the word "members" in that statute. The pertinent statutory phrase requires that the offender "willfully promote[], further[], or assist[] in any felonious criminal conduct by *members* of th[e] gang." (§ 186.22, subd. (a), italics added.) According to the lead opinion, a gang member (singular) cannot "promote[], further[], or assist[]" the felonious conduct of gang members (plural) unless the gang member joins with at least one other gang member in committing a felony. (Lead opn., *ante*, pp. 7-8.)

Relying on section 7 — which states that the use of the plural in the Penal Code includes the singular — the Attorney General argues that the plural word "members" includes the singular word "member," and that a gang member can therefore violate the gang participation statute by "promot[ing] [or] further[ing]" the member's *own* (solitary) felonious conduct. In rejecting that argument, the lead opinion points out that the felonious conduct need not be conduct that benefits the gang. As the lead opinion notes, one can violate the gang participation statute by aiding and abetting another gang member in, for instance, an act of spousal abuse, or by committing some other felony unrelated to the gang's primary activities. (See

4

*People v. Albillar*, *supra*, 51 Cal.4th at pp. 55-56.) The lead opinion reasons that if promoting or furthering one's *own* felonious conduct satisfies the requirement of the gang participation statute, then one can be found guilty of gang participation merely for being a gang member and committing *some* felony, regardless of whether the felony benefitted the gang in any way. That, in the lead opinion's view, would potentially violate the federal Constitution because it would result in an additional serious felony conviction for the mere act of being a gang member while committing a non-gang-related felony. (See *Scales v. United States* (1961) 367 U.S. 203, 228 (*Scales*).) The lead opinion asserts that the Legislature imposed the requirement of two or more gang members acting together because it sought to avoid the potential federal constitutional problem associated with applying the statute at issue here to someone acting alone. (Lead opn., *ante*, pp. 9-12.)

Although the lead opinion is correct that section 186.22's subdivision (a) does not *require* that the felony committed by the defendant be for the gang's benefit (lead opn., *ante*, p. 11), surely that statute is violated by a felony that *is* for the gang's benefit. And, as I noted earlier (see pp. 3-4, *ante*), a person can violate the gang participation statute while acting alone if the person willfully commits a felony that, by its nature and circumstances, advances the gang's overall felonious purpose. (See *Sanchez*, *supra*, 179 Cal.App.4th at p. 1308; *Salcido*, *supra*, 149 Cal.App.4th at p. 368; *Ngoun*, *supra*, 88 Cal.App.4th at p. 436.) If, for example, a gang's primary purpose is to terrorize and control a specific neighborhood by committing robberies in that neighborhood, then a lone gang member who, displaying symbols of gang membership, commits a robbery in the relevant neighborhood meets, in my view, the requirement of section 186.22's subdivision (a) of "promot[ing], further[ing], or assist[ing] in . . . felonious criminal conduct by members of th[e] gang."

5

Moreover, convicting a person of criminal street gang participation under those circumstances would not violate the federal constitutional constraints that the United States Supreme Court set forth in *Scales*, *supra*, 367 U.S. 203. That case concerned the constitutionality of the Smith Act, which criminalized membership in an organization advocating the forceful or violent overthrow of the federal government. (*Scales*, *supra*, at p. 205.) In upholding the constitutionality of the Smith Act, the high court interpreted that act "to reach only [1] '*active*' members having also a [2] guilty *knowledge* and [3] *intent* . . . ." (*Scales*, at p. 228, italics added.) Those three requirements, the high court said, "prevent[] a conviction on what otherwise might be regarded as merely an expression of sympathy with the alleged criminal enterprise, unaccompanied by any significant action in its support or any commitment to undertake such action." (*Ibid*.)

In crafting California's criminal street gang participation offense (§ 186.22, subd. (a)), the Legislature satisfied the high court's test in *Scales*, *supra*, 367 U.S. 203, by requiring that the offender (1) "actively participate[]" in the gang, (2) have "knowledge" of the criminal activity of the gang's members, and (3) "willfully promote[], further[], or assist[] in any felonious criminal conduct by members of that gang." (§ 186.22, subd. (a).) When a lone gang member willfully commits a felony that, by its nature and circumstances, advances the gang's overall felonious purpose, the third requirement is satisfied. Moreover, construing section 186.22's subdivision (a) to apply in that circumstance would not violate the federal Constitution because it would not impose criminal liability for the mere act of *being* a gang member; rather, it would impose criminal liability for being a gang member *and actively advancing the gang's overall felonious purpose*. Nothing in the high court's opinion in *Scales* precludes such a result. Therefore, the lead opinion errs when it suggests that a requirement of more than one gang member acting together is constitutionally necessary to ensure a "nexus between

6

defendant's conduct and gang activity." (Lead opn., p. 12.) Rather, the nexus can, as here (see p. 6, *ante*), be established by the nature and circumstances of the defendant's crime.

In support of its construction of the gang participation statute, the lead opinion quotes this court's statement in *Castenada*, *supra*, 23 Cal.4th at page 749, that one who violates the statute " 'has also aided and abetted a separate felony offense committed by gang members . . . .' " (Lead opn., *ante*, p. 10.) This statement should be read in context, however.

At issue in *Castenada*, *supra*, 23 Cal.4th 743, was the requirement that one who violates section 186.22's subdivision (a) must have "actively participate[d]" in the gang. The defendant there contended that holding *a leadership position* in the gang was necessary to qualify a person as one who "actively participate[d]" in the gang. Otherwise, the defendant in *Castenada* asserted, the statute would be unconstitutional under the high court's holding in *Scales*, *supra*, 367 U.S. 203. (See *Castenada*, at pp. 747-748.) In rejecting that argument, *Castenada* relied on the statutory requirement that the offender "willfully promote[], further[], or assist[] in any felonious criminal conduct by members of that gang." (§ 186.22, subd. (a).) That requirement, *Castenada* reasoned, ensured a level of active participation that was "more than nominal or passive" (*Castenada*, at p. 752), and therefore an additional requirement of leadership in the gang was constitutionally unnecessary. (*Id*. at pp. 749-752.) It was in that context that *Castenada* said that "a person who violates section 186.22(a) has also aided and abetted a separate felony offense committed by gang members . . . ." (*Castenada*, at p. 749; see also *id*. at pp. 750-752.)

In emphasizing that under section 186.22's subdivision (a), an offender's participation in a criminal street gang must, by definition, be "more than nominal or passive" (*Castenada*, *supra*, 23 Cal.4th at p. 752), *Castenada* only needed to

7

mention *the minimum way* an offender could participate in a street gang and still violate the statute — that is, by aiding and abetting gang members.  No need existed in *Castenada* to consider more direct forms of active gang participation, such as that at issue here.

Here, the prosecution's evidence established that robbery was a primary activity of the Norteño criminal street gang; that the gang was active in Marysville, where the defendant committed the attempted robbery; and that defendant displayed symbols of gang membership during his commission of that crime.  Under those circumstances, I conclude, as did the dissenting justice in the Court of Appeal, that defendant came within the language of the criminal street gang participation statute by "willfully promot[ing] [or] further[ing] . . . felonious criminal conduct by members of th[e] gang."  (§ 186.22, subd. (a).)  Accordingly, I would reverse the judgment of the Court of Appeal and remand the matter to that court with directions to uphold defendant's conviction under section 186.22's subdivision (a).


                                                KENNARD, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.

CHIN, J.


8

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Rodriguez

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 188 Cal.App.4th 722
**Rehearing Granted**

_____

**Opinion No.** S187680
**Date Filed:** December 27, 2012

_____

**Court:** Superior
**County:** Yuba
**Judge:** James L. Curry

_____

**Counsel:**

Diane Nichols, under appointment by the Supreme Court, and Grace Lidia Suarez, under appointment by the Court of Appeal, for Defendant and Appellant.

Frank Ospino, Public Defender (Orange), Jean Wilkinson, Chief Public Defender, Mark S. Brown, Assistant Public Defender, Martin F. Schwarz and Adam Vining, Deputy Public Defenders, for Orange County Public Defender's Office as Amicus Curiae on behalf of Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Diane Nichols
P.O. Box 2194
Grass Valley, CA  95945
(530) 477-8448

Brook A. Bennigson
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA  94244-2550
(916) 327-5687